James D. Ruchti [ISB No. 6366]
Joel A. Beck [ISB No. 6482]
Ruchti & Beck Law Offices
275 South 5th Ave. Suite 140
Pocatello, Idaho 83201
Telephone No. (208) 478-5100
Facsimile No. (208) 232-5100

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID KUCERA AND SUSAN KUCERA, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>MADISON MEMORIAL HOSPITAL FOUNDATION, INC., a/k/a MADISON MEMORIAL HOSPITAL; MADISON WOMEN'S CLINIC, P.L.L.C.; and BRUCE C. BARTON, M.D.,<br><br>Defendants. | CIVIL NO. 4:14-cv-55<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs David and Susan Kucera, by and through their undersigned counsel, and for a cause of action against the Defendants, complain and allege as follows:

### I. PARTIES, JURISDICTION AND VENUE

**1.**

At the time of the injuries alleged herein, Plaintiffs resided in Rexburg, Madison County, Idaho. Plaintiffs now reside in Westminster, Adams County, Colorado.

2.

At all relevant times herein, Defendant Madison Memorial Hospital (hereinafter "Defendant MMH") was (and is) a corporation legally authorized to do business in the State of Idaho and is doing business in Rexburg, Madison County, Idaho.

3.

At all relevant times herein, Defendant Madison Women's Clinic, P.L.L.C. (hereinafter "Defendant MWC") was (and is) a professional limited liability corporation legally authorized to do business in the State of Idaho and is doing business in Rexburg, Madison County, Idaho.

4.

At all relevant times herein, Defendant Bruce C. Barton, M.D. (hereinafter "Defendant Barton") was (and is) a physician licensed to practice medicine in the State of Idaho. By information and belief, at all relevant times herein, Dr. Barton was (and is) an owner and employee of Madison Women's Clinic, P.L.L.C. and had (and has) privileges at Madison Memorial Hospital.

5.

This is an action to recover money damages for medical services performed on Plaintiff Susan Kucera by Defendant Barton at Madison Memorial Hospital on or about February 22, 2012 and treatment subsequent thereto and, more specifically, services performed in connection with delivery of her baby, to include performing an episiotomy and episiotomy repair.

6.

The parties to this action are citizens and corporations of different States, and the amount in controversy exceeds $75,000.00.

7.

Jurisdiction is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1332.

8.

Venue is proper in the United States District Court for the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because all of the Defendants reside in this Judicial District, and a substantial part of the acts, events, and/or omissions by Defendants which give rise to Plaintiffs' claims occurred in large part in this Judicial District.

## II. GENERAL ALLEGATIONS

9.

Plaintiff repleads and incorporates all of the foregoing allegations of this Complaint.

10.

Plaintiff Susan Kucera had a baby at Defendant MMH on February 22, 2012.

11.

Defendant Barton of Defendant MWC delivered the baby.

12.

Defendant Barton suffers from hand tremors or some other neurologic condition which causes his hands to shake.

13.

Prior to delivering the baby, Defendant Barton did not adequately apprise Plaintiff Susan Kucera regarding his hand tremors/neurologic condition and its effect on his ability to safely perform an episiotomy, and he did not obtain informed consent.

14.

Prior to Defendant Barton delivering the baby, Defendant MWC did not adequately apprise Plaintiff Susan Kucera regarding his hand tremors/neurologic condition and its effect on his ability to safely perform an episiotomy.

15.

Prior to Defendant Barton delivering the baby, Defendant MWC did not take steps to ensure Defendant Barton could perform medical procedures safely, to include episiotomies, given his hand tremors/neurologic condition.

16.

Prior to Defendant Barton delivering the baby, Defendant MMH did not adequately apprise Plaintiff Susan Kucera regarding his hand tremors/neurologic condition and its effect on his ability to safely perform an episiotomy, and it did not obtain informed consent.

17.

Prior to Defendant Barton delivering the baby, Defendant MMH did not take steps to ensure Defendant Barton could perform medical procedures safely, to include episiotomies, given his hand tremors/neurologic condition.

18.

During the delivery, Defendant Barton performed an episiotomy on Plaintiff Susan Kucera.

19.

In so doing, Defendant Barton caused Plaintiff Susan Kucera permanent injury and disfigurement.

20.

After performing said episiotomy, Defendant Barton failed to properly repair the episiotomy.

21.

During post-natal medical visits with Defendant Barton and Defendant MWC, they failed to recognize and treat Plaintiff Susan Kucera's symptoms, permanent injuries and disfigurement resulting from the episiotomy procedure.

22.

The actions of Defendant Barton related to the episiotomy constituted medical malpractice because the standard of care did not call for Defendant Barton to perform an episiotomy under the circumstances at issue.

23.

The actions of Defendant Barton related to the episiotomy constituted medical malpractice because Defendant Barton's performance of the episiotomy fell below the standard of care.

24.

The actions of Defendant Barton related to the episiotomy and episiotomy repair constituted medical malpractice because Defendant Barton suffered from hand tremors/neurologic condition at the time he performed the episiotomy, so his attempt to perform the episiotomy fell below the standard of care.

25.

The actions of Defendant Barton and Defendant MWC related to the medical treatment following the episiotomy and episiotomy repair fell below the standard of care.

26.

The actions of Defendant MMH and Defendant MWC related to the episiotomy and episiotomy repair and medical treatment thereafter constituted medical malpractice because Defendant MMH and Defendant MWC were aware of Defendant Barton's hand tremors/neurologic condition, that he performed episiotomies and episiotomy repairs with the hand tremors/neurologic condition, and that he performed episiotomies even when the standard of care did not call for them, and they allowed Defendant Barton to perform the episiotomy and episiotomy repair on Plaintiff Susan Kucera.

27.

Defendant Barton failed to obtain informed consent from Plaintiff Susan Kucera to perform the episiotomy and episiotomy repair by not advising her that the medical circumstances under which she was delivering her baby did not call for an episiotomy.

28.

Defendant Barton and Defendant MMH failed to obtain informed consent from Plaintiff Susan Kucera to perform the episiotomy and episiotomy repair by not advising her Defendant Barton suffered from hand tremors/neurologic condition at the time he performed the episiotomy and episiotomy repair.

29.

Defendant Barton and Defendant MMH failed to obtain informed consent from Plaintiff Susan Kucera to perform the episiotomy and episiotomy repair by not advising her how Defendant Barton's hand tremors/neurologic condition could affect his ability to perform an episiotomy and episiotomy repair safely and without permanently injuring Plaintiff Susan Kucera.

30.

Plaintiff David Kucera has a loss of consortium claim based on the change in his relationship with Plaintiff Susan Kucera resulting from her injuries and other damages described herein.

31.

As a direct and proximate result of the actions of Defendant Barton, Defendant MMH, and Defendant MWC, Plaintiffs claim damages for past and future medical expenses, past and future pain and suffering, inconvenience, disability, disfigurement, mental anguish, loss of enjoyment of life, loss of consortium and other damages, all in such sum as shown by the evidence to be just and reasonable.

## III. ATTORNEY FEES AND COSTS

32.

Plaintiffs replead and incorporate all of the foregoing allegations of this Complaint.

33.

Plaintiffs have been required to employ the services of the law firm of Ruchti & Beck Law Offices and are seeking reasonable attorney fees and legal costs pursuant to federal law, Idaho law and the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For past medical expenses;

2. For future medical expenses;

3. For general damages for past and future pain and suffering, inconvenience, disability, disfigurement, mental anguish, loss of enjoyment of life, and loss of consortium and other damages, all in such sum as shown by the evidence to be just and reasonable;

4. For reasonable court costs and attorney fees; and

5. For such other and further reasonable relief as the Court deems just, equitable, and proper.

## REQUEST FOR JURY TRIAL

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.

DATED this 21st day of February, 2014.

RUCHTI & BECK LAW OFFICES

/s/ James D. Ruchti
JAMES D. RUCHTI
*Attorneys for Plaintiffs*